UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JUAN MATIAS TORRES,

        Petitioner,

    v.

RALPH M. DIAZ, Acting Warden,

        Respondent.

Case No.  12-cv-06224-YGR (PR)

**ORDER GRANTING PETITIONER'S REQUEST FOR AN EXTENSION OF TIME TO FILE AMENDED MOTIONS FOR DISCOVERY AND FOR AN EVIDENTIARY HEARING; AND ADDRESSING HIS OTHER PENDING MOTIONS**

## I.  MOTION FOR EXTENSION OF TIME

In an Order dated September 18, 2014, the Court granted Petitioner leave to file amended motions for discovery and for an evidentiary hearing.  Dkt. 30 at 2.  The Court also denied Petitioner's previously filed motion for discovery and for an evidentiary hearing (dkt. 17) as moot in light of the fact that he will be submitting amended motions.  *Id.*

Before the Court is Petitioner's request for an extension of time in which to file his amended motions for discovery and for an evidentiary hearing.  Having read and considered Petitioner's request, and good cause appearing, his request for an extension of time is GRANTED.  The time in which Petitioner may file his amended motions for discovery and for an evidentiary hearing will be extended up to and including **twenty-eight (28) days** from the date of this Order.

## II.  MOTION TO CORRECT ERROR IN PRIOR MOTION

Petitioner has also filed a document entitled, "Motion to Correct Error in Prior Motion for Leave to File Amended Motion to Request for Discovery."  Dkt. 32.  In this filing, Petitioner requests the Court to "terminate its current order filed September 18, 2014 (Docket No. 30) and grant Petitioner's motion (docket no. 29) specifically for Petitioner to add his proposed interrogatories and [the] current contact information of witness (Mr. Bryan Springmeyer) to his original pending motions (dkt.17) . . . ."  Dkt. 32 at 2.  The Court has directed Petitioner to file *amended* motions for discovery and for an evidentiary hearing, thus, it will not entertain requests to consolidate his two previous filings (dkts. 17, 29).  As mentioned above, the previously-filed

United States District Court
Northern District of California

motion (dkt. 29) to which he had attached a document entitled, "[Proposed] Interrogatories on Amended Motion for Discovery," does not suffice because it did not include his previous arguments from his original motion for discovery and for an evidentiary hearing (dkt. 17). Therefore, Petitioner shall abide by the Court's September 18, 2014 Order and file timely *amended* motions for discovery and for an evidentiary hearing.  Accordingly, the Court DENIES his "Motion to Correct Error in Prior Motion for Leave to File Amended Motion to Request for Discovery."  Dkt. 32.

## III.     MOTION FOR BAIL

Finally, Petitioner has moved for release on bail or his own recognizance pending determination of his petition for a writ of habeas corpus under 28 U.S.C. § 2254.

A district court may have the authority to release a state prisoner on bail pending resolution of a habeas proceeding, but only in extraordinary cases involving special circumstances or a high probability of success.  *Land v. Deeds*, 878 F.2d 318, 318-9 (9th Cir. 1989) (citing *Aronson v. May*, 85 S. Ct. 3, 5 (1964) (requiring both exceptional circumstances and high probability of success)).  Some examples of exceptional circumstances are serious deterioration of the petitioner's health while incarcerated; short sentences for relatively minor crimes so near completion that extraordinary action is essential to make collateral review truly effective; or, possibly, extraordinary delay in processing a habeas corpus petition.  *See Salerno v. United States*, 878 F.2d 317, 317 (9th Cir. 1989); *Calley v. Callaway*, 496 F.2d 701, 702 n.1 (5th Cir. 1974).  No such exceptional circumstances (or high probability of success) are present here.  *Accord In re Roe*, 257 F.3d 1077, 1079-80 (9th Cir. 2001) (district court erred in releasing prisoner on bail during the pendency of his district court habeas proceeding, because allegations of actual innocence, failing health, discovery abuses by opponent and available lodging did not satisfy the *Land* standard for release).  Accordingly, Petitioner's motion for bail (dkt. 31) is DENIED.

This Order terminates Docket Nos. 31, 32, 33 and 34.

**IT IS SO ORDERED.**

Dated: October 28, 2014

_____
YVONNE GONZALEZ ROGERS
United States District Court Judge

P:\PRO-SE\YGR\HC.12\Torres6224.grantEOT&addressPendMots.docx

2

United States District Court
Northern District of California