UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN MATIAS TORRES,<br><br>Petitioner,<br><br>v.<br><br>RALPH M. DIAZ, Acting Warden,<br><br>Respondent. | Case No. 12-cv-06224-YGR (PR)<br><br>**ORDER STAYING HABEAS PROCEEDINGS; DIRECTING PETITIONER TO FILE QUARTERLY STATUS REPORTS; AND DIRECTING CLERK TO ADMINISTRATIVELY CLOSE THIS CASE UNTIL THE COURT ISSUES ORDER LIFTING STAY** |

Petitioner, a state prisoner proceeding *pro se*, has filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Following an initial review of the petition, the Court ordered Respondent to show cause why the petition should not be granted. Respondent has filed an answer to the petition, and Petitioner has filed a traverse.

Currently pending before the Court are Petitioner's motion to stay his federal petition while he exhausts his remedies in state court as well as his amended motions for discovery and for an evidentiary hearing. Dkts. 35, 42.

Prisoners in state custody who wish to challenge in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b),(c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982). If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition. *Id.* at 510; *Guizar v. Estelle*, 843 F.2d 371, 372 (9th Cir. 1988). A dismissal solely for failure to exhaust is not a bar to returning to federal court after exhausting available state remedies. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995).

Petitioners may seek a stay of the petition pursuant to *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005), under which a prisoner may file a protective petition in federal court and ask the court

United States District Court
Northern District of California

to stay federal habeas proceedings until all state remedies are exhausted. District courts have the authority to issue stays, and the habeas statute does not deprive them of that authority. *Rhines v. Webber*, 544 U.S. 269, 277-278 (2005). A stay is appropriate where the district court determines that good cause existed for the petitioner's failure to exhaust his claims in state court, and that such claims are potentially meritorious. *Id.*; *see also Pace*, 544 U.S. at 416.

Here, it appears that good cause exists for Petitioner's failure to exhaust his sentencing claim on direct appeal because it could be raised by way of state habeas corpus.[1] Moreover, the sentencing claim states a cognizable basis for federal habeas relief. This is Petitioner's first habeas petition, and there is no evidence that he seeks the stay for improper purposes. *See Fetterly v. Paskett*, 997 F.2d 1295, 1301-02 (9th Cir. 1993) (holding that a stay for the purpose of permitting exhaustion of unexhausted claims should be granted only if the claims petitioner seeks to pursue are cognizable under section 2254; there is a likelihood of prejudice to petitioner if the stay is not granted; and there is no evidence that the motion for a stay is brought to delay, vex, or harass, or that the request is an abuse of the writ). Accordingly, the Court GRANTS Petitioner's request for a stay. Dkt. 42.

These proceedings are hereby STAYED pending Petitioner's exhaustion of his state judicial remedies. Petitioner must act diligently in exhausting his state judicial remedies, or the stay may be lifted. He must file quarterly reports describing the progress of his state court proceedings, commencing **twenty-eight (28) days** from the date of this Order and continuing every **ninety (90) days** thereafter until his state court proceedings are terminated. He must also attach to his status reports copies of the cover page of any document that he files with or receives from the state courts relating to the sentencing claim.

The Clerk of the Court shall ADMINISTRATIVELY CLOSE the file pending the stay of

---

[1] Petitioner notes that he has already filed state habeas petitions raising his unexhausted sentencing claim; however, it seems that he has not yet received a decision from the State's highest court. Dkt. 42 at 2-3. At the time he filed his motion to stay, Petitioner claims that he had been appointed an attorney by the state appellate court and that his attorney "was going to be filing a habeas corpus petition based on a change in the law in regards to the United States Supreme Court [case] *Descamps v. United States* (2013) 133 S. Ct. 2276." *Id.* at 3. Petitioner adds that "this change in the law occurred while [his] federal petition was already pending." *Id.*

1  this action.  Nothing further will take place in this action until Petitioner receives a final decision
2  from the highest state court and, within **twenty-eight (28) days** of doing so, moves to reopen the
3  action, lift the Court's stay and amend the stayed petition to add the newly-exhausted sentencing
4  claim.

5  Because the Court has granted Petitioner's motion to stay his federal petition, his
6  remaining amended motions for discovery and for an evidentiary hearing are DENIED without
7  prejudice to refiling when he moves to reopen this action.  Dkt. 35.

8  This Order terminates Docket Nos. 35 and 42.

9  IT IS SO ORDERED.

10  Dated: July 1, 2015

_____
YVONNE GONZALEZ ROGERS
United States District Judge