UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN MATIAS TORRES,<br><br>    Petitioner,<br><br>  v.<br><br>RALPH M. DIAZ, Warden,<br><br>    Respondent. | Case No. 12-cv-06224-YGR (PR)<br><br>**ORDER LIFTING STAY; DIRECTING RESPONDENT TO SHOW CAUSE WHY THE WRIT SHOULD NOT BE GRANTED AS TO NEWLY-EXHAUSTED CLAIMS; AND DENYING PETITIONER'S MOTIONS FOR APPOINTMENT OF COUNSEL** |

Petitioner, a state prisoner, filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Following an initial review of the petition, the Court ordered Respondent to show cause why the petition should not be granted. Dkt. 5. Respondent has filed an answer to the petition, and Petitioner has filed a traverse. Dkts. 11, 16.

On July 1, 2015, the Court issued an Order granting Petitioner's request for a stay of proceedings while he returned to state court to exhaust his state judicial remedies as to certain claims. Dkt. 45.

On March 18, 2016, Petitioner informed the Court that his state proceedings had concluded, and he filed a first amended petition containing his newly-exhausted claims. On May 20, 2016, Petitioner filed a "Second Motion for Leave to File an Amended Petition for Writ of Habeas Corpus," and he filed a "[Proposed] Second Amended Petition for a Writ of Habeas Corpus." Dkts. 55, 55-1. Because the Court has not yet ruled on his first motion for leave to amend, the Court construes Petitioner's "[Proposed] Second Amended Petition for a Writ of Habeas Corpus" as an updated first amended petition.

Before the Court are Petitioner's motion to lift the stay and his motions for leave to file his first amended petition. Dkts. 51, 55. Also before the Court are Petitioner's motions for appointment of counsel. Dkts. 52, 56.

**MOTIONS TO LIFT STAY AND TO FILE FIRST AMENDED PETITION**

Good cause appearing, Petitioner's motion to lift the stay is GRANTED. Petitioner is also GRANTED leave to file his first amended petition. The Clerk of the Court is directed to mark Petitioner's first amended petition as filed on May 20, 2016 (dkt. 55-1), the date it was received, and to cross out "[Proposed] Second Amended Petition for a Writ of Habeas Corpus" and instead list is as his "First Amended Petition."

The Clerk of the Court shall REOPEN this case and serve a copy of this Order and the first amended petition and all attachments thereto upon Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this Order on Petitioner at his most current address.

Because Respondent has already filed a response to the claims on the original petition, Respondent shall only file with this Court and serve upon Petitioner, within **sixty (60) days** of the issuance of this Order, a supplemental answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued as to the newly-exhausted claims in the first amended petition. Respondent shall file with the supplemental answer a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the supplemental answer, he shall do so by filing a supplemental traverse with the Court and serving it on Respondent within **sixty (60) days** of his receipt of the supplemental answer. Otherwise, the first amended petition will be deemed submitted and ready for decision sixty days after the date Petitioner is served with Respondent's supplemental answer.

Petitioner is reminded that all communications with the Court, whether by way of formal legal motions or informal letters, must be served on Respondent by mailing a true copy of the document to Respondent's counsel.

Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the deadline sought to be extended.

**MOTIONS FOR APPOINTMENT OF COUNSEL**

Petitioner seeks the appointment of counsel to assist him because he claims the "issues in this case are particularly complex." Dkt. 56 at 1. However, the Court disagrees and finds appointment of counsel if not warranted, as explained below.

The Sixth Amendment right to counsel does not apply in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir.), *cert. denied*, 479 U.S. 867 (1986). In any event, 18 U.S.C. § 3006A(g) authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation." The decision to appoint counsel is within the discretion of the district court. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Knaubert*, 791 F.2d at 728; *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. *See Chaney*, 801 F.2d at 1196; *Eskridge v. Rhay*, 345 F.2d 778, 782 (9th Cir. 1965), *cert. denied*, 382 U.S. 996 (1966).

Here, the Court finds that appointment of counsel is not warranted in this case. Petitioner's claims are typical claims that arise in criminal appeals and are not especially complex. This is not an exceptional case that would warrant representation on federal habeas review.

Accordingly, Petitioner's requests for appointment of counsel are DENIED. Dkts. 52, 56.

This Order terminates Docket Nos. 51, 52, 55 and 56.

IT IS SO ORDERED.

Dated: June 17, 2016

YVONNE GONZALEZ ROGERS
United States District Judge